**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| LINDA RAYE | : | |
| 12805 Stanton Court | : | |
| Upper Marlboro, Maryland  20774 | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| C.S.D., L.L.C. | : | |
| 8510 Contee Road | : | |
| Laurel, Maryland  20708 | : | |
|       Serve: Thomas F. Kennedy | : | |
|            312 Marshall Ave, Ste 1008 | : | |
|            Laurel, MD  20707 | : | |
| | : | |
| and | : | **COMPLAINT AND** |
| | : | **DEMAND FOR JURY TRIAL** |
| KEVIN J. KENNEDY | : | |
| 4112 Ulster Road | : | |
| Beltsville, Maryland  20705-2867 | : | (Unlawful Debt |
| | : | Collection Practices) |
| and | : | |
| | : | |
| EXCEL PHYSICAL THERAPY, INC. | : | |
| 1700 Science Drive, Suite 104 | : | |
| Bowie, Maryland  20715 | : | |
|       Serve:  Maryland Department | : | |
|            of Assessments and Taxation | : | |
|            Corporate Charter Division | : | |
|            301 W. Preston St. Room 801 | : | |
|            Baltimore, MD 21201 | : | |
| | : | |
| and | : | |
| | : | |
| LISA A. SHORTER | : | |
| 1700 Science Drive, Suite 104 | : | |
| Bowie, Maryland  20715 | : | |
| | : | |
|       Defendants. | : | |

## **COMPLAINT**

### I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code, Commercial Law Art., § 14-202, *et seq.*, and the Maryland Consumer Protection Act, Md. Code, Commercial Law Art., §§ 13-310, 13-303, all of which prohibit debt collectors, and others, from engaging in abusive, deceptive, and unfair practices.  This action also states several common-law claims that arise from the defendants' acts and omissions with respect to attempts to collect the debt alleged by them to be owed by the Plaintiff in this matter and that directly and proximately harmed Plaintiff.

### II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1337 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.   Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3.      Plaintiff Linda Raye is a natural person residing in Upper Marlboro, Maryland, and is a consumer as defined by the relevant federal and state consumer protection statutes cited herein.

4.      Defendant C.S.D., LLC, is a Maryland limited liability company with its principal place of business located at the above address.  Upon information and belief, the principal purpose of Defendant C.S.D., LLC, is the collection of consumer debts using the mails and telephone, and Defendant C.S.D., LLC, regularly attempts to collect consumer debts due another.

5.      Defendant Kevin J. Kennedy is a natural person employed by, or otherwise acting on behalf of, Defendant C.S.D., LLC, as a debt collector at all times relevant to this complaint.

6.      Defendant Excel Physical Therapy, Inc., is, upon information and belief, an unincorporated business and/or an incorporated business not registered to conduct business in the State of Maryland, that maintains its principal place of business at the above address.

7.      Defendant Lisa A. Shorter is a physical therapist licensed by the State of Maryland and who is the owner and/or a principal of Defendant Excel Physical Therapy.

8.      Defendants C.S.D., LLC, and Kevin J. Kennedy are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

9.      All defendants in this action have alleged that Plaintiff owes a debt to Defendant Excel Physical Therapy, Inc., and/or to Defendant Lisa A. Shorter.

10.      Upon information and belief, Defendants C.S.D., LLC and Kevin J. Kennedy were hired by Excel Physical Therapy, Inc., and/or Lisa A. Shorter to make efforts to collect on the alleged debt owed by Plaintiff.

11.      At all times relevant to this cause of action, and upon information and belief, Defendants C.S.D., LLC and Kevin J. Kennedy acted as agents of Defendants Excel Physical Therapy, Inc., and/or Lisa A. Shorter.

12.      On or about August 15, 2008, Defendant C.S.D. LLC, sent a letter to Plaintiff, stating that she had a "past-due account" with Defendant Excel Physical Therapy, Inc., and referenced a "past-due" amount of $2,314.50. The letter further stated that Plaintiff would have to make payment within five business days "to avoid further legal action".  The letter was sent, it appears, upon the authorization of Defendant Kevin J. Kennedy, and indicates that Defendant

Excel Physical Therapy, Inc., was provided a copy of the letter.  The letter directs that payment be made to "Escrow Account – Jasen & Kennedy".  (Please see copy of letter of August 15, 2008, attached to this Complaint at Exhibit A.)

13.     On or about August 29, 2008, Defendant C.S.D. LLC, sent a letter addressed to Defendant Excel Physical Therapy and containing the salutation "Dear Dr. Shorter", who, upon information and belief is Defendant Lisa A. Shorter.  A copy of the August 29 letter indicates that a copy was sent to Plaintiff, and a copy was indeed received by Plaintiff.  The August 29 letter requests that "Dr. Shorter" authorize "Court Action" on the alleged account.  By copy the Plaintiff was "advised" (a) that "court costs and expenses will be added to the amount due, by the Court" (b) that a "judgment will be entered" (c) to halt any court proceeding arrangements on the alleged debt must be made to pay it in full as alleged (d) that payments be made payable to "Escrow Account – Jasen & Kennedy" and (e) that action "will be taken" without further notice. (Please see copy of letter of August 29, 2008, attached to this Complaint at Exhibit B.)

14.     On or about September 12, 2008, Defendant C.S.D. LLC, sent a letter addressed to Plaintiff that its recommendation that a lawsuit be filed to collect the alleged debt from Plaintiff was approved.  The letter threatened that a lawsuit would be filed against Plaintiff "without further notice" unless "full payment" was made within five days. The letter indicates that a copy of the letter was provided to Defendant Excel Physical Therapy, Inc.  (Please see copy of letter of September 12, 2008, attached to this Complaint at Exhibit C.)

15.     No payment has been made by Plaintiff, and no lawsuit was filed by any of the defendants against Plaintiff within five days of Plaintiff's receipt of the letter attached at Exhibit C.

16.     All three letters sent to Plaintiff and referenced herein were sent above the signature line of Defendant Kevin J. Kennedy.

17.     All three letters sent to Plaintiff and referenced herein contained the names of principals or former principals, who, upon information and belief, are or were involved with Defendant C.S.D., LLC., including that of "Walter P. Kennedy."  All three letters indicate that Walter P. Kennedy was a "Republican Sergeant-At-Arms, U.S. House of Representatives".

18.     All three letters reference the name "Jasen & Kennedy" or "Jasen & Kennedy, C.S.D."

19.     None of the letters state in bold print or in a font size larger than any other print on the face of the letter that they are communications being made for the purpose of attempting to collect a debt and that any information obtained as a result would be used for that purpose.

20.     Upon information and belief, Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter authorized or otherwise ratified the letters sent by Defendant C.S.D., LLC, to Plaintiff, and their contents.

21.     Upon information and belief, Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter were direct participants in the collections scheme of Defendants C.S.D., LLC and Kevin J. Kennedy.

22.     As a result of receiving these letters, and the acts and omissions of the Defendants, Plaintiff has suffered severe emotional distress, mental anguish, anxiety, headaches, nausea, loss of sleep, embarrassment, nervousness, fear, confusion and frustration.

V. FIRST CLAIM FOR RELIEF—FDCPA Violations
(against Defendants C.S.D., LLC and Kevin J. Kennedy)

23.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through twenty-two.

24.     Defendants C.S.D., LLC and Kevin J. Kennedy violated the FDCPA.

Defendants' violations include, but are not limited to, the following:

(a)     Defendants violated 15 U.S.C. §1692e(1) by implicating that Defendant is
vouched for or affiliated with the United States.

(b)     Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal
status of the alleged debt.

(c)     Defendants violated 15 U.S.C. §1692e(3) by falsely representing or implicating
that communications with Plaintiff were from an attorney[1].

(d)     Defendants violated 15 U.S.C. §1692e(4) by falsely representing or implicating
that the nonpayment of the debt would result in garnishment, attachment of
debtor's property.

(e)     Defendants violated 15 U.S.C. §1692e(5) by threatening to take legal action
against Plaintiff that cannot legally be taken or that they did not intend to take.

(f)     Defendants violated 15 U.S.C. §1692e(7) by falsely representing or implicating
that Plaintiff committed a crime or engaged in other conduct in a manner in which
Defendant disgraced the Plaintiff.

(g)     Defendants violated 15 U.S.C. §1692e(8) by threatening to communicate credit
information about Plaintiff that he knew or should have known to be false.

(h)     Defendants violated 15 U.S.C. §1692e(9) by using and/or distributing written
communications that simulated or falsely represented or created a false
impression that it was authorized by an official of the United States.

---

[1] Upon information and belief, the only attorney listed on the letterhead of Defendant C.S.D., LLC, is
Thomas F. Kennedy, whose status with the District of Columbia Bar is "suspended", apparently as a result
of conduct related to the unauthorized practice of law in the State of Maryland. (Please see D.C. Bar
information, attached to this Complaint at Exhibit D.)

(i)     Defendants violated 15 U.S.C. §1692e(10) by using false and deceptive means to attempt to collect an alleged debt from Plaintiff.

(j)     Defendants violated 15 U.S.C. §1692e(11) by failing to disclose clearly that communications issued by, authorized by, and/or ratified by, them failed to disclose clearly that they were from a debt collector attempting to collect a debt and that any information obtained as a result of the communication(s) would be used for the purpose of attempting to collect a debt.

(k)     Defendants violated 15 U.S.C. §1692e(14) by using a business, company or organization name other than the true name of the defendants' business, company or organization.

(l)     Defendants violated 15 U.S.C. §1692f(6) by threatening to take possession of Plaintiff's property of which they had no present right to possession, they had no present intention to take such property, or the property over which Defendants threatened to take possession was exempt.

25.     In addition to the violations as specified above, Defendants violated 15 U.S.C. §1692d in that the letters sent to the Plaintiff were designed to harass, oppress and/or abuse Plaintiff in connection with the debt alleged by Defendants.

26.     As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and are liable for Plaintiff's actual damages, statutory damages, and costs and attorneys' fees.

### VI. SECOND CLAIM FOR RELIEF—Maryland Consumer Debt Collection Act
(against Defendants C.S.D., LLC and Kevin J. Kennedy)

27.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through twenty-six.

28.    Defendants C.S.D., LLC and Kevin J. Kennedy engaged in practices in violation of the Maryland Consumer Debt Collection Act, Md. Code, Commercial Law Art. § 14-202. Defendants' violations include, but are not limited to, the following:

(a)    Defendants violated Maryland Code, Commercial Law Art., § 14-202 (7) by using grossly abusive language in communicating with Plaintiff.

(b)    Defendants violated Maryland Code, Commercial Law Art., § 14-202 (8) by claiming, attempting and/or threatening to enforce a right with knowledge that the right did not exist.

(c)    Defendants violated Maryland Code, Commercial Law Art., § 14-202 (9) by using communications that gave the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer, when it was not.

29.    As a result of the above violations of the Maryland Consumer Debt Collection Act, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the Maryland Consumer Debt Collection Act, and, pursuant to Maryland Code, Commercial Law Art., § 14-203, are liable for Plaintiff's damages, plus costs and attorneys' fees.

## VII. THIRD CLAIM FOR RELIEF—Unfair and Deceptive Trade Practices
### (against Defendants C.S.D., LLC and Kevin J. Kennedy)

30.    Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through twenty-nine.

31.    Defendants C.S.D., LLC and Kevin J. Kennedy engaged in unfair and deceptive trade practices in violation of the Maryland Consumer Protection Act, Md. Code, Commercial Law Art. §§ 13-301, actions specifically prohibited by Md. Code, Commercial Law Art. 13-303(4).  Defendants' violations include, but are not limited to, the following:

(a) Defendants violated Maryland Code, Commercial Law Art., § 13-301(1) by making false or misleading written statement to Plaintiff.

(b) Defendants violated Maryland Code, Commercial Law Art., 13-301(2)(ii) by representing that the consumer services they engage in have a sponsorship, approval, accessory, characteristic, use, benefit, or quantity which they do not have.

(c) Defendants violated Maryland Code, Commercial Law Art., § 13-301(9) by deceiving, misrepresenting, knowingly concealing, and omitting material facts with the intent that Plaintiff rely on the same in connection with the collection of consumer debts.

(d) Defendants engaged in unfair and deceptive trade practices in violation of Maryland Code, Commercial Law Art., § 13-301(14)(iii) through their violations of Title 14, Subtitle 2, of the Commercial Law Article of the Maryland Code: the Maryland Consumer Debt Collection Act.

32.     As a result of the above violations of the Maryland Consumer Protection Act, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the Maryland Consumer Protection Act, and are liable for Plaintiff's actual damages, statutory damages, and costs and attorneys' fees.

IIX. FOURTH CLAIM FOR RELIEF—Intentional Infliction of Emotional Distress
(against all defendants)

33.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through thirty-two.

34.     Defendants C.S.D., LLC, and Kevin J. Kennedy sent letters to Plaintiff with the intention of causing emotional distress.

35.     As a result of receipt of the letters from Defendants C.S.D., LLC, and Kevin J. Kennedy, Plaintiff received injuries that included, but were not limited to, severe emotional distress, mental anguish, and psychological harm.

36.     Defendants Excel Physical Therapy, Inc., and Linda A. Shorter authorized the letters to be sent by Defendant C.S.D., LLC, and Kevin J. Kennedy to Plaintiff and ratified the letters' content.

37.     The acts and omissions of the defendants caused the letters to be sent to the Plaintiff.

38.     The acts and omissions of the defendants directed toward Plaintiff were malicious and intentional.

39.     Plaintiff was harmed directly and proximately and solely due to the acts and omissions of the Defendants.

As a result of the defendants' acts and omissions, Plaintiff seeks damages from Defendants, jointly and severally, in an amount to be determined at trial but believed to be FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages.

## IX. FIFTH CLAIM FOR RELIEF--Harassment
(against all defendants)

40.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through thirty-nine.

41.     Defendants C.S.D., LLC, and Kevin J. Kennedy sent letters to Plaintiff with the intention of harassing Plaintiff.

42.     As a result of receipt of the letters from Defendants C.S.D., LLC, and Kevin J. Kennedy, Plaintiff received injuries that included, but were not limited to, severe emotional distress, mental anguish, and psychological harm.

43.     Defendants Excel Physical Therapy, Inc., and Linda A. Shorter authorized the letters to be sent by Defendant C.S.D., LLC, and Kevin J. Kennedy to Plaintiff and ratified the letters' content.

44.     The acts and omissions of the defendants caused the letters to be sent to the Plaintiff.

45.     The acts and omissions of the defendants directed toward Plaintiff were malicious and intentional.

46.     Plaintiff was harmed directly and proximately and solely due to the acts and omissions of the Defendants.

As a result of the defendants' acts and omissions, Plaintiff seeks damages from Defendants, jointly and severally, in an amount to be determined at trial but believed to be FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages.

## X. FIFTH CLAIM FOR RELIEF-Fraud
### (against all defendants)

47.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through forty-six.

48.     Defendants C.S.D., LLC, Kevin J. Kennedy, sent letters to Plaintiff that contained misleading and deceptive content in an attempt to get Plaintiff to make payment on an alleged debt.

49.     The letters sent by Defendants C.S.D., LLC, Kevin J. Kennedy violated state and federal laws governing the collection of consumer debts.

50.     As a result of receipt of the letters from Defendants C.S.D., LLC, and Kevin J. Kennedy, Plaintiff received injuries that included, but were not limited to, severe emotional distress, mental anguish, and psychological harm.

51.     Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter authorized the letters to be sent by Defendant C.S.D., LLC, and Kevin J. Kennedy to Plaintiff and ratified the letters' content.

52.     The defendants knew or should have known that their acts and omissions directed toward the Plaintiff violated state and federal laws.

53.     The acts and omissions of the defendants directed toward Plaintiff were malicious and intentional.

54.     Plaintiff was harmed directly and proximately and solely due to the acts and omissions of the Defendants.

As a result of the defendants' acts and omissions, Plaintiff seeks damages from Defendants, jointly and severally, in an amount to be determined at trial but believed to be FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages.

### XI. SIXTH CLAIM FOR RELIEF—Respondeat Superior
(against Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter)

55.     Plaintiff restates and re-alleges all prior paragraphs as if fully alleged herein.

56.     At all times mentioned herein Defendants C.S.D., LLC, and Kevin J. Kennedy acted as representatives, servants, and/or agents of Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter.

57.     In the course of their representative capacity and/or service as agents of Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter, Defendants C.S.D., LLC, and Kevin J. Kennedy sent letters to Plaintiff designed to harass and inflict emotional distress and that contained misleading and false statements of fact.

58.     Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter knew or should have known of the offensive content to the letters sent by Defendants C.S.D., LLC, and Kevin J. Kennedy sent letters to Plaintiff.

59.     Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter  supervisory control over Defendants C.S.D., LLC, and Kevin J. Kennedy but failed to exercise it properly, resulting in the receipt by Plaintiff of the offensive letters.

60.     Indeed, Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter authorized and ratified the acts and omissions of Defendants C.S.D., LLC, and Kevin J. Kennedy directed at Plaintiff that resulted in the receipt by Plaintiff of the offensive letters.

61.     As a result of the acts and omissions of Defendants C.S.D., LLC, and Kevin J. Kennedy, Plaintiff was harmed and liability should be imputed to Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter.

As a result, Plaintiff seeks damages from Defendants Excel Physical Therapy, Inc., and Lisa A. Shorter, jointly and severally, in an amount to be determined at trial but

believed to be FIVE HUNDERD THOUSAND DOLLARS ($500,000.00) in

compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in punitive

damages.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

defendants for the following:

A.      Declaratory judgment that the conduct of Defendants C.S.D., LLC, and Kevin J.

        Kennedy violated the FDCPA, and declaratory and injunctive relief for the

        defendants' violations of the state acts;

B.      Actual damages against all defendants on each count as stated above;

C.      Statutory damages pursuant to 15 U.S.C. §1692k;

D.      Statutory damages pursuant to the state acts;

E.      Punitive damages as applicable.

F.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and the

        applicable state acts.

October 8, 2008

_____/s/ Charles H. Bogino_____
Charles H. Bogino, Bar No. 15394
10605 Concord Street
Suite 410
Kensington, MD  20895
(301) 946-5340
(301) 946-5356—fax
chas_bogino@yahoo.com

DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.


_____/s/ Charles H. Bogino_____
Charles H. Bogino, Bar No. 15394
Attorney for Plaintiff